**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.15-cv-01941-W~~M~~JM-NYW

BOBBY CROSS,

    Plaintiff,

v.

DISCOVER GOODWILL OF SOUTHERN & WESTERN COLORADO,

    Defendant.

---

**STIPULATED ~~MOTION AND~~ PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION**

---

    Plaintiff, Bobby Cross ("Plaintiff" or "Cross"), by and through his counsel, Bradley J. Sherman, of CORNISH & DELL'OLIO, and Defendant Discover Goodwill of Southern & Western Colorado, ("Defendant" or "Goodwill"), by and through its counsel, Glenn H. Schlabs of SHERMAN & HOWARD L.L.C., hereby stipulate and ~~move~~ the Court<u>, finding good cause, hereby enters this</u> ~~for a~~ Protective Order pursuant to Fed. R. Civ. P. 26(c) concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the

Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy interests of Goodwill or Plaintiff, and/or current or former employees of Goodwill. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial (including any appeal) of this case.

4. CONFIDENTIAL documents, materials, and/or information shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

(a) attorneys actively working on this case;

(b) persons regularly employed by the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

(h) other persons by agreement of all the parties.

5. Prior to disclosing any CONFIDENTIAL documents to individuals within 4(d), 4(g) and 4(h) listed above, counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by his or its attorney who will certify that the

designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise implicates common law or statutory privacy interests.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. Production of any document or materials without a designation of confidentiality, or an incorrect designation, will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within thirty (30) days after the conclusion of the ten (10) business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under

the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event it is necessary for the parties to file CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed in accordance with D.C.COLO.L.CivR 7.2. <u>Nothing in this Protective Order shall be construed as a court order to restrict any document.</u>

11. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

12. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL information shall be treated at trial.

13. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

14.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED:  November 10, 2015              BY THE COURT:

                                             s/ Nina Y. Wang
                                             United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 9th day of November, 2015.

| CORNISH & DELL'OLIO | SHERMAN & HOWARD L.L.C. |
|---|---|
| *s/ Bradley J. Sherman* | *s/Glenn H. Schlabs* |
| Bradley J. Sherman, CO #39452 | Glenn H. Schlabs, CO # 18222 |
| 431 N. Cascade Ave., Ste. 1 | 90 S. Cascade Ave., Ste. 1500 |
| Colorado Springs, CO  80903 | Colorado Springs, Co  80903 |
| Telephone:  (303) 475-1204 | Telephone: (719) 448-4018 |
| bsherman@cornishanddellolio.com | gschlabs@shermanhoward.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Discover Goodwill of Southern & Western Colorado* |

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2015.

                                             BY THE COURT:

____

                                             _____
                                             DISTRICT COURT JUDGE